UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **M.B. COTTINGHAM,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**SEAN LOJACONO,**<br><br>　　　　　　Defendant. | Civil No. 1:18-cv-01684-ESH |

## DEFENDANT'S ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Sean Lojacono, through undersigned counsel, hereby answers the Complaint. In response to the specifically numbered paragraphs set forth in the Complaint, Defendant responds in like-numbered paragraphs as follows:

### INTRODUCTION

The first paragraph of this section is a general summary of the Complaint that contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

The second paragraph of this section is a general summary of the Complaint that contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits that Plaintiff gave Defendant permission to search him on that date and denies the remaining allegations in this paragraph.

### JURISDICTION AND VENUE

1. The allegations in Paragraph 1 are jurisdictional in nature and legal conclusions to which no response is required.

1

2.      The allegations in Paragraph 2 are jurisdictional in nature and legal conclusions to which no response is required.

## PARTIES

3.      Admitted.

4.      The first sentence of Paragraph 3 is admitted.  The remaining allegations are legal conclusions to which no response is required.

## FACTS

5.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 5.

6.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 6.

7.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 7.

8.      Admitted that Plaintiff was near that street corner when Defendant encountered him on September 27, 2017.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 8.

9.      Defendant lacks sufficient information to admit or deny the allegations in Paragraph 9.

10.     Denied.

11.     Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11.

12.     Admitted that Defendant got out of one of the police vehicles, but denied that Defendant asked if the men had guns.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 12.

13.     The first sentence of Paragraph 13 is a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.  The second sentence of Paragraph 13 is denied.  Defendant lacks sufficient information to admit or deny the third sentence of Paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14.

15. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15.

16. Admitted.

17. Admitted that Plaintiff possessed marijuana in his sock and that it was placed on a vehicle.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 17.

18. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18.

19. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19.

20. Admitted that Plaintiff stated the words hokie pokie or a similar phrase.  Defendant denies the remaining allegations in Paragraph 20.

21. Denied.

22. Admitted.

23. Admitted that Plaintiff took the actions described in Paragraph 23 and that he was wearing sweatpants.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 23.

24. Denied.

25. Denied.

26. Admitted that officers observed the search and that it occurred between the curb and sidewalk.  Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 26.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that Plaintiff turned around. The remaining allegations in Paragraph 30 are denied.

31. Admitted that someone stated the quoted words in Paragraph 31. The remaining allegations in Paragraph 31 are denied.

32. Admitted that Plaintiff stated the quoted words in Paragraph 32. The remaining allegations in Paragraph 32 are denied.

33. Admitted that Plaintiff stated the quoted words in Paragraph 33. The remaining allegations in Paragraph 33 are denied.

34. Admitted that Plaintiff stated the quoted words in Paragraph 34. The remaining allegations in Paragraph 34 are denied.

35. Admitted.

36. Denied.

37. Admitted.

38. Admitted that Plaintiff stated the quoted words in Paragraph 38. The remaining allegations in Paragraph 38 are denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted.

43. Admitted that Plaintiff stated the quoted words in Paragraph 43. The remaining allegations in Paragraph 43 are denied.

44. Denied.

45. Denied.

46. Admitted that Plaintiff stated the quoted words in Paragraph 46. The remaining allegations in Paragraph 46 are denied.

47. Admitted.

48. Denied.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted that the words quoted in Paragraph 55 were stated by Defendant. The remaining allegations in Paragraph 55 are denied.

56. Admitted that someone captured part of the interaction on video and that it is posted to youtube. The remaining allegations in Paragraph 56 are denied.

57. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 57.

58. Admitted.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 65.

66. Denied.

67. Denied.

## CLAIM FOR RELIEF

## Violation of Fourth Amendment rights / 42 U.S.C. § 1983

68. Paragraph 68 is a legal conclusion to which no response is required.

69. Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

**FURTHER ANSWERING,** all allegations not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The action may be barred by *res judicata or collateral estoppel*, or not yet have accrued.

### THIRD DEFENSE

Plaintiff's claims may be barred by doctrine of laches or the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### FIFTH DEFENSE

Defendant's actions did not violate the Fourth Amendment and were reasonable.

### SIXTH DEFENSE

Defendant denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.  Defendant further denies that Plaintiff is entitled to any relief whatsoever.

### SEVENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, such injuries were the result of his own intentional, illegal, and/or otherwise wrongful conduct.

### EIGHTH DEFENSE

At all times relevant herein, Defendant acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

### NINTH DEFENSE

Defendant is entitled to qualified immunity for his actions.

### DEMAND FOR JURY TRIAL

Defendant, by and through his counsel, hereby demands a trial by jury on all issues so triable.

WHEREFORE, Defendant prays that the Court will dismiss the Complaint and award him the expense of litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Joseph A. Gonzalez*
Joseph A. Gonzalez (D.C. Bar No. 995057)
SCHERTLER & ONORATO, LLP
901 New York Avenue, N.W.
Suite 500
Washington, D.C.  20001
Telephone:  202-628-4199
Facsimile:  202-628-4177

*Attorney for Defendant*