UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.B. COTTINGHAM,<br><br>                    Plaintiff,<br>       v.<br>SEAN LOJACONO,<br><br>                    Defendant. | No. 18-cv-1684-ESH |

**JOINT REPORT PURSUANT TO LCvR 16.3**

Pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3, Plaintiff M.B. Cottingham and Defendant Sean Lojacono respectfully submit the following Joint Report.

**Statement of the Case**

On September 27, 2017, near the intersection of Atlantic and First Streets SW, Plaintiff Cottingham encountered Defendant Lojacono, who was at all relevant times a sworn officer of the D.C. Metropolitan Police Department. After Plaintiff consented to doing the "hokey-pokey," Defendant searched Plaintiff in the presence of several police officers and civilians. Plaintiff claims that during the search Defendant grabbed Plaintiff's scrotum and stuck his thumb in Plaintiff's anus, among other improprieties, thereby committing an unreasonable search in violation of the Fourth Amendment. Defendant, whose search was at all times on the outside of Plaintiff's clothes, denies the allegations and asserts that his actions were lawful.

\*     \*     \*

The topics listed in Local Civil Rule 16.3 have been discussed by the parties, who have agreed or disagreed as follows:

1

**1. Dispositive motions. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

No dispositive motions have been filed. The Defendant has answered the complaint.

The Plaintiff does not believe this matter can be disposed of by dispositive motion given the conflicting factual assertions noted above. The Defendant believes this matter can be disposed of by a dispositive motion.

**2. Joinder and Amendment. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties disagree on this issue. Plaintiff proposes that all parties be joined or pleadings amended within 120 days of the entry of a scheduling order. That length of time is needed because it is possible that discovery, especially third-party discovery from the District of Columbia, will reveal claims against additional defendants. Even if Plaintiff works diligently to discover the existence of such claims, it might take a few months to obtain the needed discovery, if, for instance, any discovery objections arise, particularly from the third party. Further supporting an extended period for amendment is the liberal Rule 15 standard for amendment of pleadings. Any prejudice to existing or joined defendants by the addition of parties can be cured through ordinary

discovery management, including providing supplemental opportunities to take discovery that a party shows it should, in fairness, be afforded.

Defendant proposes that all parties be joined or pleadings amended within 60 days of the entry of a scheduling order.  Reserving a right to amend the Complaint beyond that period may prejudice how Defendant builds his case, as well as the ability of any other prospective defendant to participate in discovery.  If the need to amend or add parties after the 60 days arises for either party, that party can file a motion seeking leave.

The parties do not believe factual or legal issues can be narrowed at this time.

**3. Magistrate Judge.  Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not agree to the assignment of this case to a magistrate judge for any purposes except settlement/ ADR.

**4. Settlement.  Whether there is a realistic possibility of settling the case.**

Counsel have already discussed the possibility of settlement and will continue to do so, but agree that the case should proceed to discovery at this time.

**5. Alternative Dispute Resolution.  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures.**

The case may benefit from the Court's ADR procedures, more likely after discovery or summary judgment briefing. The parties will seek referral to ADR procedures at any time they believe such referral may be useful.

**6. Dispositive motions. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Defendant believes that he can resolve this matter in his favor by filing a motion for summary judgment. Plaintiff disagrees, but accepts that Defendant can file such a motion if he wishes. The parties propose that dispositive motions be filed no later than 30 days following the close of all discovery; oppositions thereto should be due 30 days thereafter; and replies should be due 15 days after the filing of oppositions.

**7. Initial disclosures. Whether the Parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The parties agree to exchange initial disclosures by the deadline specified in Rule 26.

**8-10. Discovery. (8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions. (9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. (10) Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on**

**a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties propose the following discovery plan:

    a.    Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the entry of a Scheduling Order. The parties note that lead counsel for one of the parties is currently expecting to have a family issue arise during the discovery period (birth of a child), and the parties agree that if that occurs, they expect to move the Court for a 60-day extension of the discovery period.

    b.    Number of interrogatories: limited to 25 Interrogatories for each side.

    c.    Number of fact depositions: limited to 10 Depositions for each side.

    d.    The duration of each deposition to be limited pursuant to LCvR 26.2(c).

    e.    Requests for production of documents and requests for admissions will be governed by Fed. R. Civ. P. 34 and 36, respectively.

Defendant anticipates that protective orders will be required for personnel records that Plaintiff expects to request. The parties agree in principle that personnel records should be covered by protective order and agree to negotiate in good faith over the form of that order.

**11. Expert Witnesses. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties have not yet determined whether they will use expert witnesses in this case. However, the parties propose that, if necessary, expert witness reports and information should be

exchanged and expert discovery should occur as follows:

    a. Expert Reports:        60 days before the end of discovery.

    b. Rebuttal Expert Reports:    30 days after receipt of initial expert report.

**12. Procedures in class actions.**

Not applicable.

**13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not request that the trial and/or discovery be bifurcated or managed in phases.

**14. Pretrial conference. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the date for a pretrial conference, if one is necessary, be set for approximately 60 days after the Court rules on any post-discovery dispositive motions. If the deadline for dispositive motions passes with none filed, the conference should be set for approximately 60 days after that date.

**15. Trial date. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the trial date be set at the pretrial conference.

**16. Other matters.**

None.

September 18, 2018                         Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union Foundation
    of the District of Columbia
915 15th Street NW, Second Floor
Washington, D.C. 20005
(202) 457-0800
smichelman@acludc.org

Counsel for Plaintiff


*/s/ Joseph Gonzalez*
Joseph A. Gonzalez (D.C. Bar No. 995057)
Schertler & Onorato, LLP
901 New York Avenue, N.W.
Suite 500
Washington, D.C. 20001
(202) 628-4199
jgonzalez@schertlerlaw.com

Counsel for Defendant