# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **M.B. COTTINGHAM,**<br><br>               **Plaintiff,**<br><br>       v.<br><br>**SEAN LOJACONO,**<br><br>               **Defendant.** | Civil Action No.  18-1684 (ESH) |

## SCHEDULING ORDER

The parties appeared before the Court on October 3, 2018, for an initial scheduling conference.  Based on the joint Local Civil Rule 16.3 Report to the Court and the representations of counsel, it is hereby **ORDERED** that

1.     Discovery shall be completed by April 3, 2019.  Counsel must resolve all discovery disputes or bring them to the Court's attention in a timely manner so as to allow sufficient time for the completion of discovery by this date.

2.     Discovery material shall not be filed with the Court except as provided in Local Civil Rule 5.2(a) and Federal Rule of Civil Procedure 5(d).

3.     Each party is limited to a maximum of 25 interrogatories to any other party.  Responses to all interrogatories are due 30 days after service.  *See* Fed. R. Civ. P. 33.

4. Each party is limited to a maximum of 20 requests for admission to any other party. Responses to all requests for admission are due 30 days after service. *See* Fed. R. Civ. P. 36.

5. Each party is limited to a maximum of 10 depositions (including expert depositions) and no deposition shall exceed 7 hours unless both parties agree or unless authorized by the Court. Fed. R. Civ. P. 30(d); LCvR 26.2(c).

6. Reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by plaintiff's retained experts are due by February 3, 2019.

7. Reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) by defendant's retained experts are due by March 3, 2019.

8. A further status conference is scheduled for April 10, 2019, at 11:00 a.m. Counsel are to come to that conference prepared to discuss the status of discovery, their respective settlement positions, and their theories of any then-contemplated dispositive motions. Counsel must bring full settlement authority to the status conference. If settlement is not reached, a pretrial conference and trial date will be selected. Counsel should be prepared to advise the Court of the expected length of trial and of the number of fact and expert witnesses. Trial counsel must appear at all hearings unless excused by the Court in advance of the hearing date.

9. Dates relating to end of discovery, status conferences and motions practice shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. Fed. R. Civ. P. 16(b); LCvR 16.4. *See Olgyay v. Soc'y for Envtl. Graphic Design, Inc.*, 169 F.R.D. 219, 219-20 (D.D.C. 1996).

10. Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court by contacting Chambers.  Counsel shall not file discovery motions without a prior conference with the Court and opposing counsel.

11. Counsel are expected to evaluate their respective cases for settlement purposes.  Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a magistrate judge.  If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

12. Counsel shall provide Chambers with a courtesy paper copy of any filing over 35 pages in length.

**SO ORDERED.**

/s/ Ellen S. Huvelle
ELLEN S. HUVELLE
United States District Judge

Date:   October 3, 2018